EBEN SIMMONS *v.* MARINUS W. GARDINER, City Treasurer.

A notice given by the street commissioners of the city of Providence to the owner of two estates on the same street, that he must, before a time specified in the notice, alter and improve the sidewalk adjoining his *estate*, situated on the street, without specifying which estate, is bad for uncertainty; nor is it well served, under the statute " concerning sidewalks in the town of Providence," if the owner be a resident of the city, by being left, during his temporary absence, at his boarding-house, the statute in such case requiring personal service; and the neglect of the owner to improve the sidewalk adjoining that one of his estates intended by the commissioners, upon such notice, will not justify the city in assessing against, and exacting from the owner, the expenses paid by the city surveyor in making the improvement.

ASSUMPSIT to recover from the city treasurer of Providence, the sum of $407.22, with interest, paid by the plaintiff to the city collector under protest; the ground of recovery being, that the same was illegally assessed against him by said city for the expenses of laying a sidewalk in front of his estate on Eddy Street, in said city. The case was submitted to the court, under the general issue, in fact and law, and the opinion of the court states all the facts necessary to make it intelligible.

*James Tillinghast*, for the plaintiff.

*Clarke, City Solicitor*, for the defendant.

BRAYTON, J. This action is brought to recover of the defendant the sum of $407.22, the amount of a certain tax assessed against him for altering and amending a sidewalk in the city of Providence, which tax was paid by the plaintiff under protest, and which he claims was illegal and void.

The tax was assessed against the plaintiff under the provisions of an act entitled " an Act concerning sidewalks in the town of Providence." See Ordinances, City of Providence, 58, 59, 61. The first section provides, that sidewalks shall be built, altered, and repaired at the expense of the owners of the adjoining land. The second section provides, that the commissioners of sidewalks shall have power and authority to order and determine the height, width, and material of which the walks shall be built, and the manner of building and altering any sidewalks.

The third section provides, that the commissioners, having determined the manner and within what time any sidewalk shall be built, altered, or improved, "shall cause written or printed notice thereof to be personally given to the owner of the adjoining lot if residing within the town, particularly describing the materials, width, height, and manner the sidewalk shall be built or the alteration made; but if the owner shall not reside in said town, then the notice shall be given to the tenant in possession; but if no tenant be in possession, then the same shall be published in one of the newspapers in said town of Providence for three successive weeks," and upon neglect by such owner to make or alter such sidewalk within the time limited, the commissioners may order it to be done at the expense of the owner of the adjoining lot and report the expense thereof to the assessors of taxes, who shall add it to the tax of the owner of such adjoining lot.

Upon the facts before the court, (a jury trial having been waived by the parties,) it was objected by the plaintiff, that the assessment was illegal and void for various reasons,—for defect of power in the commissioners to make the determination they did, that the place where this sidewalk was constructed was not a public highway, and that the notice given to the plaintiff by the commissioners, after determining what improvement should be made in the sidewalk, and within what time, was insufficient to render him liable for the expense of making such improvement. The last objection, viz.: that the notice given by the commissioners was defective and insufficient, is all that need now be considered. Assuming the power of the commissioners to make the determination provided for the second section of the act and by the amendment of 1841, and the place where the walk was made to have been a public highway, it would still be necessary, in order to charge the plaintiff for the improvement made against his land, that notice should have been given him by the commissioners of what was required by them to be done, and that it should be given in the mode prescribed by the act. It will be sufficient to state so much only of the evidence submitted as bears upon the question of notice.

The evidence upon this point was, that prior to 1847, there

had been, and was, a street called "Eddy Street," extending from the central part of the city to a street called Point Street, where commenced the turnpike, called the Pawtuxet Turnpike, which extended thence to and beyond the city line; that in 1847, under and by virtue of an act of the general assembly, passed at the January session of that year, so much of said turnpike as was within the city limits was released to the city for a public highway, and has been since improved and repaired as such by the city; that it has never been named Eddy Street by the board of aldermen, but it was testified that this portion of the street was known as Eddy Street, and that it was sometimes called Pawtuxet Avenue.

The lot against which the sidewalk in question was built was upon that portion of the street formerly Pawtuxet Turnpike, and the plaintiff owned beside this lot other estates, north of Point Street, and bounding upon Eddy Street as it was, prior to 1847.

It further appeared, that the plaintiff was a resident of the city of Providence, in the family of a sister. The printed paper following was produced in evidence : —

"*City of Providence*, June 14, 1856.

"To Eben Simmons & Brother,—The surveyor of highways being about to pave Eddy Street, and make the same to grade, you are required by the street commissioners to alter and improve the sidewalk adjoining your estate, situated on the street about to be improved as aforesaid, and to make said sidewalk ten feet wide, covered with flagging stones, bricks or good gravel, as you may choose, and bounded on the outside with good curb-stones eighteen inches or more deep, seven inches or more thick, hammered on the upper edge and cut to a level; the height of said sidewalk is marked on the posts set up by the city, and if you have doubt the commissioners will show you the height, at the city's expense. The commissioners direct that said sidewalk be so altered, improved, and finished on or before the 30th inst.

By order of the Commissioners.

"Cyrus Fisher, *Clerk.*

22 *

" N. B. If the curb-stones are furnished on or before the 21st inst. next, further compliance with the above order will be. waived as to setting said curb-stones."

It appeared that this paper was left by one of the commissioners at or near the day of its date, at the place of residence of the plaintiff, but that said plaintiff was then absent from the city, and remained absent for some days; but that the said paper did some time after his return, come to his hands. This was the only notice attempted to be given by the commissioners.

The purpose of the notice required to be given was not merely to inform the land-owner of the width of the walk required and of the materials of which it should be made, but of the length thereof, so that the person intended to be charged with the improvement might be apprised, a sufficient length of time before the time appointed for its completion, of the quantity of materials required, and of the amount of labor necessary for its completion, and to procure them. For this purpose it would be necessary to know not merely the width of the walk required, but the length of that portion required of the party notified, and to this end, that he should be distinctly informed against what lands of his the work was to be done. If he own lots on different streets, then the lot upon which street; if different lots upon the same street, then against which of his lots upon that street. The plaintiff in this case was not so informed. He was notified to alter and improve the sidewalk adjoining his estate on Eddy Street, — one estate, in the singular, and not all his estates situated on that street. He is is the owner of land adjoining Eddy Street, north of Point Street, as well as of the land against which the work was done, lying south of Point Street; and he was as much required to alter the sidewalk against his estate north of Point Street as against that lying south of it; and which was to be altered is left indeterminate.

In point of fact no improvement was contemplated by the commissioners to be made, or was made, on Eddy Street, except on that portion lying south of Point Street, or that part which

had been turnpike; yet their notice relates to Eddy Street generally, and requires the plaintiff to alter the sidewalk against one of his estates adjoining it, but without informing him which. We are of opinion, in this view of the subject, that had the printed notice been delivered to the plaintiff personally, it would have been insufficient to make him liable, or guilty of neglect in making the required improvement against his estate.

But we think the notice insufficient for another reason: that it was not given to the plaintiff personally, as the act requires. He was a resident of the city at the time; and though the notice could not, on account of his temporary absence, be then served upon him, such absence does not make constructive notice sufficient; that is only to be resorted to in case the owner is not a resident. The leaving a copy at the usual place of abode of such person, is not serving him personally.

*For these reasons judgment must be given for the plaintiff for the amount paid, with interest and costs.*